GREEN, APPELLEE, v. SLIPHER, D. B. A. JAQUA TRANSIT LINES, APPELLANT.

(Decided February 17, 1939.)

*Messrs. Krieg & Eckstein,* for appellee.
*Messrs. Price & Price,* for appellant.

NICHOLS, P. J. Alice J. Green, as plaintiff, filed her petition in the Court of Common Pleas of Lake county, Ohio, in which she named as defendant Francis Slipher, 50 Meredith, Frankfort, Indiana, doing business as Jaqua Transit Lines, 237 East Jefferson street, Tipton, Indiana.

In her petition plaintiff alleged "that the defendant is engaged in the business of owning and operating motor trucks for commercial haulage of freight, as a common carrier, through the states of Massachusetts, New York, Ohio and Indiana, and has for that purpose a public utilities license," and further alleged, in substance, that on August 8, 1937, she was a passenger in a motor vehicle which was being driven in a westerly

direction upon a highway known as United States route No. 20, at a point near Painesville, Ohio; that one of- the defendant's duly authorized and acting agents and servants, to wit, Oral Anderson, carelessly and negligently operated one of defendant's trucks on that highway, so as to run upon and collide with the vehicle in which plaintiff was riding as a passenger, thereby causing plaintiff to sustain serious bodily injuries which are specifically set forth in the petition.

The petition further sets forth that the defendant, through his duly authorized and acting agent and servant, was reckless, careless and negligent in six specifically alleged respects which were a direct and proximate cause of her injuries, for which she prayed damages in the sum of $15,000.

Summons upon the defendant was served upon the Secretary of State at Columbus, Ohio, pursuant to the provisions of Section 6308-1, General Code, providing for service of summons on nonresident owners of motor vehicles operated within the state of Ohio.

Thereafter the defendant filed his answer to the petition of plaintiff, in which defendant "denies that he is doing business as Jaqua Transit Lines; denies that he is engaged, as a common carrier, in the business of owning and operating motor trucks for commercial haulage of freight through the states of Massachusetts, New York, Ohio and Indiana and denies that he has for that purpose a public utilities license."

The answer of the defendant further sets forth that, for want of knowledge, he denies that plaintiff was injured in the manner or to the extent alleged in the petition, and demands strict proof thereof; and further answering the defendant denies each and every allegation contained in the petition.

The cause was submitted to the court and jury upon the petition of plaintiff, the answer of the defendant, and the evidence, and resulted in a verdict for plaintiff

and against the defendant, "Francis Slipher," in the sum of $4,250.

The defendant prosecutes appeal upon questions of law to this court, claiming that the trial court erred in overruling his motions for directed verdict in his favor made at the conclusion of the evidence offered on behalf of plaintiff and at the conclusion of all the evidence in the case; that the evidence is insufficient to warrant the verdict, or any verdict, against the defendant; and that the verdict of the jury, if otherwise proper, is manifestly excessive.

In brief and oral argument of the defendant, it is claimed that the verdict returned by the jury was in favor of plaintiff and against the defendant, "Francis Slipher, doing business as Jaqua Transit Lines"; and that the trial court erroneously struck the words "doing business as Jaqua Transit Lines" from the verdict after it had been signed by the jurors and returned into court. We find it unnecessary to determine whether it would be error for the court to strike these words from the verdict after it had been returned into court, since the record contains no evidence to the effect that these words were stricken from the verdict after its return. As the verdict stands, it is against the defendant, Francis Slipher, which is entirely in accord with the evidence produced at the trial.

It is conceded that upon the trial, plaintiff offered no evidence tending to prove that the defendant, Francis Slipher, was doing business as Jaqua Transit Lines, and offered no evidence that the defendant was engaged, at the time of the collision, in the business of owning and operating motor trucks for commercial haulage of freight, as a common carrier, or that defendant had, for that purpose, a public utilities license.

The evidence discloses that Francis Slipher, at the time alleged in the petition, was the owner of the motor truck which came into collision with the motor vehicle in which plaintiff was riding on United States

route No. 20; and that this motor truck, owned by Francis Slipher, was being operated by his employee, Oral Anderson.

In his deposition, which was read to the jury, the defendant, Francis Slipher, testified that at the time of the accident he was the owner of the truck; that the license for the truck was in his name; that he was informed that Oral Anderson was driving the truck at the time of the accident; that he paid Mr. Anderson for his work; that defendant had control over the driving of the truck at the time; that he was not present when the accident occurred; that he thoroughly inspected the truck before he turned it over to the drivers before they started the trip; that Oral Anderson and Clarence Harrison had the truck, and both of them were paid for their services by the defendant; that both Mr. Harrison and Mr. Anderson sent to him telegraphic reports of the accident; and that at the time of the accident the truck was loaded with a cargo of butter.

Certain testimony of Francis Slipher was contained in his deposition, to the effect that this truck had been leased to Jaqua Transit Lines; but upon objection by the *defendant* such testimony was stricken and the jury instructed to disregard it.

In its charge the court instructed the jury that there has been no proof that the defendant, Francis Slipher, does business as Jaqua Transit Lines or that he operates as a common carrier, and the jury will, therefore, ignore this part of the petition and caption and take it that the defendant in this case is an individual, Francis Slipher.

It is the contention of defendant that plaintiff having brought her action against Francis Slipher as a person doing business as Jaqua Transit Lines, engaged in the haulage of freight by motor vehicle under a public utilities license, and not having amended her petition, plaintiff has no right to recover since she failed in

proof of such allegations. With this contention we do not agree. The allegations in the petition with reference to the manner in which the defendant was doing business or the kind of business in which he was engaged at the time are immaterial, and the denial of these allegations creates no issue thereon. It must be noted that this is not an action against a common carrier by a passenger of such carrier. The allegations referred to are merely descriptive of the defendant, and without these allegations the petition stated a good cause of action against Francis Slipher. It follows that there was no necessity to prove the immaterial allegations in the petition.

No question can be made about the service of summons in this case, because the defendant came into court and answered the petition of plaintiff.

The motions for directed verdict made by defendant were properly overruled.

There was no necessity of plaintiff to amend her petition by striking out the immaterial allegations therein. While some testimony was admitted into the record with reference to the business carried on by the defendant at the time, such testimony was immaterial and could not possibly have prejudiced the defendant.

We have carefully examined the record and are of opinion that the material allegations of plaintiff's petition have been adequately maintained by the evidence, and that the injuries received are of such a nature that we are unable to find that the verdict of the jury is excessive.

We find no error in the record prejudicial to the rights of the defendant, and the judgment of the Common Pleas Court must, therefore, be affirmed.

*Judgment affirmed.*

CARTER and PHILLIPS, JJ., concur.